# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH HEREDIA, CDCR #F-32430,<br><br>            Plaintiff,<br><br>vs.<br><br>MICHAEL STAINER, et al.,<br><br>            Defendants. | Civil No.   15-cv-00888 GPC (BLM)<br><br>**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1915(a)**<br><br>**[ECF Doc. No. 2]** |

Joseph Heredia ("Plaintiff"), currently incarcerated at the California Correctional Facility located in Tehachapi, California, and proceeding pro se, has filed a civil rights complaint ("Compl.") (ECF Doc. No. 1).

Plaintiff has not prepaid the civil filing fee required by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 2).

## I.   MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

$400. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite the plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

However, if the plaintiff is a prisoner at the time of filing, even if he is granted leave to proceed IFP, his filing fees are not "waived." Instead, he may be permitted to commence suit, but remains obligated by statute to pay the entire fee in "increments," *see Williams*, 775 F.3d at 1185, regardless of whether his case is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002). A "prisoner" is defined as "any person" who at the time of filing is "incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h); *Taylor*, 281 F.3d at 847.

Prisoners who seek leave to proceed IFP must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1), (4); *Taylor*, 281 F.3d at 850. Thereafter, the institution having custody of the prisoner collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forwards them to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

While Plaintiff has filed a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a), he has not attached a certified copy of his trust account statements, or an institutional

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

equivalent, for the 6-month period immediately preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2. Section 1915(a)(2) clearly requires that prisoners "seeking to bring a civil action ... without prepayment of fees ... *shall* submit a certified copy of the trust fund account statement (or institutional equivalent) ... for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2) (emphasis added).

Without Plaintiff's trust account statement, the Court is simply unable to assess the appropriate amount of initial filing fee which is statutorily required to initiate the prosecution of this civil action. *See* 28 U.S.C. § 1915(b)(1).

## II. CONCLUSION AND ORDER

For these reasons, IT IS ORDERED that:

(1) Plaintiff's Motion to Proceed IFP (ECF Doc. No. 2) is DENIED and the action is DISMISSED without prejudice for failure to prepay the $400 filing fee required by 28 U.S.C. § 1914(a).

(2) Plaintiff is GRANTED forty-five (45) days from the date of this Order in which to re-open his case by either: (1) paying the entire $400 statutory and administrative filing fee, **or** (2) filing a new Motion to Proceed IFP, *which includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint* pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2(b).

(3) The Clerk of the Court is DIRECTED to provide Plaintiff with a Court-approved form "Motion and Declaration in Support of Motion to Proceed IFP" in this matter. If Plaintiff neither pays the $400 filing fee in full nor sufficiently completes and files the attached Motion to Proceed IFP, *together with a certified copy of his trust account statement within 45 days*, this action will remained dismissed without prejudice pursuant to 28 U.S.C. § 1914(a), and without further Order of the Court.

DATED: July 13, 2015

HON. GONZALO P. CURIEL
United States District Judge