UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Joseph Heredia<br>F-32430,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>Michael Stainer; Amy Miller; Sorvino; Ken Phillips; Cline; N. Telles,<br><br>　　　　　　　　　　　　Defendants. | Case No.:  3:15-cv-00888-GPC-BLM<br><br>**ORDER:**<br><br>**1)  GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1915(a) (ECF No. 5)**<br><br>**AND**<br><br>**2) DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED** |

　　　　Joseph Heredia ("Plaintiff"), currently incarcerated at California Correctional Facility located in Tehachapi, California, and proceeding pro se, has filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983 (ECF No. 1).

　　　　Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed in Forma Pauperis ("IFP") pursuant to 28

U.S.C. § 1915(a) **(ECF No. 5)**.  Before the Court could conduct a screening of Plaintiff's Complaint, he filed a First Amended Complaint ("FAC") which is now the operative pleading.  **(ECF No. 7.)**

**II.     Plaintiff's Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.  *See* 28 U.S.C. § 1914(a).[1]  An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, if a prisoner, like Plaintiff, is granted leave to proceed IFP, he remains obligated to pay the entire fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his action is ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The institution

---

[1]   In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule) (eff. May 1, 2013).  However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP.  *Id.*

having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid.  See 28 U.S.C. § 1915(b)(2).

In support of his IFP Motion, Plaintiff has now submitted a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2. *Andrews*, 398 F.3d at 1119.  The Court has reviewed Plaintiff's trust account statement, but it shows that he has a current available balance of $2.36.  *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP **(ECF No. 5)** and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1).  However, the entire $350 balance of the filing fees mandated will be collected by the California Department of Corrections and Rehabilitation ("CDCR") and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**III.    Initial Screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A**

Notwithstanding Plaintiff's IFP status or the payment of any partial filing fees, the PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing."  *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Under these statutes, the Court must sua sponte dismiss complaints, or any portions thereof,

1  which are frivolous, malicious, fail to state a claim, or which seek damages from
2  defendants who are immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Lopez v.*
3  *Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v.*
4  *Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

5       All complaints must contain "a short and plain statement of the claim showing that
6  the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).  Detailed factual allegations are
7  not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by
8  mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)
9  (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "Determining
10 whether a complaint states a plausible claim for relief [is] . . . a context-specific task that
11 requires the reviewing court to draw on its judicial experience and common sense." *Id.*
12 The "mere possibility of misconduct" falls short of meeting this plausibility standard.
13 *Id.; see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

14      "When there are well-pleaded factual allegations, a court should assume their
15 veracity, and then determine whether they plausibly give rise to an entitlement to relief."
16 *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000)
17 ("[W]hen determining whether a complaint states a claim, a court must accept as true all
18 allegations of material fact and must construe those facts in the light most favorable to
19 the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that §
20 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

21      However, while the court "ha[s] an obligation where the petitioner is pro se,
22 particularly in civil rights cases, to construe the pleadings liberally and to afford the
23 petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir.
24 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not
25 "supply essential elements of claims that were not initially pled." *Ivey v. Board of*
26 *Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).
27 / / /

### A. Property Claims

Plaintiff claims that Defendants violated his Fourteenth Amendment due process rights when they destroyed his property. However, to the extent Plaintiff claims his personal property was confiscated and lost by Defendants, his FAC fails to state a claim upon which § 1983 relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A(b)(1).

Where a plaintiff alleges to have been deprived of a of property interest caused by the unauthorized negligent or intentional acts of state officials, he cannot state a constitutional claim where the state provides an adequate post-deprivation remedy. *See Zinermon v. Burch*, 494 U.S. 113, 129-32 (1990); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The California Tort Claims Act ("CTCA") provides an adequate post-deprivation state remedy for the random and unauthorized taking of property. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994). Thus, because Plaintiff appears to challenge the negligent or intentional destruction of his property in contravention of any statute or regulation authorizing it, the CTCA provides Plaintiff with an adequate state post-deprivation remedy, and these claims are not cognizable in a § 1983 action. *Id.*

### B. Religious claims

Plaintiff makes general references to claims that Defendants are violating his religious freedoms but fails to provide any specific factual allegations to support these claims. Thus, to the extent that Plaintiff is attempting to bring a claim under the First Amendment or RLUIPA, he fails to allege facts sufficient to state a claim. "The right to exercise religious practices and beliefs does not terminate at the prison door." *McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir. 1987) (per curiam). In order to implicate the Free Exercise Clause of the First Amendment, the Plaintiff must show that his belief is "sincerely held" and "rooted in religious belief." *See Shakur v. Schiro*, 514 F.3d 878, 884 (citing *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994).

In addition to First Amendment protections, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1 *et. seq.*, provides:

> No government shall impose a *substantial burden on the religious exercise* of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person –
> [¶] (1) is in furtherance of a *compelling governmental interest*; and [¶] (2) is the *least restrictive means* of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a) (emphasis added)*; see also San Jose Christian College v. Morgan Hill*, 360 F.3d 1024, 1033-34 (9th Cir. 2004) ("RLUIPA 'replaces the void provisions of RFRA' . . . and prohibits the government from imposing 'substantial burdens' on 'religious exercise' unless there exists a compelling governmental interest and the burden is the least restrictive means of satisfying the governmental interest.").

RLUIPA defines religious exercise to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7)(A); *San Jose Christian College*, 360 F.3d at 1034. The party alleging a RLUIPA violation carries the initial burden of demonstrating that a governmental practice constitutes a substantial burden on his religious exercise. *See* 42 U.S.C. §§ 2000cc-1(a); 2000cc-2(b) ("[T]he plaintiff shall bear the burden of persuasion on whether the law (including a regulation) or government practice that is challenged by the claim substantially burdens the plaintiff's exercise of religion.").). While Plaintiff makes references to "religious items," he provides no further factual detail as to what these items are or any specific reference as to how these items are necessary for him to practice his religious beliefs. Here, the Court finds that Plaintiff's factual allegations are insufficient on which to base either a First Amendment or RLUIPA claim.

/ / /

/ / /

**C. Grievance claims**

Plaintiff seeks to hold Defendant Telles liable for his alleged failure to adequately respond to Plaintiff's administrative grievances. (*See* FAC at 7.) Under the Due Process Clause of the Fourteenth Amendment, "[p]risoners ... may not be deprived of life, liberty, or property without due process of law." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). A valid due process claim has three prerequisites: (1) the deprivation, (2) of a liberty or property interest, (3) by officials acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 536-37 (1981). In order to claim a deprivation of liberty without due process, Plaintiff must first allege facts sufficient to show the existence of a protected liberty interest. After meeting this threshold requirement, he must then allege the defendants failed to provide the process due. *See Wolff*, 418 U.S. at 556-57; *Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003).

The Ninth Circuit has found, however, that denial of a prison grievance does not by itself rise to the level of a due process violation. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) ("[A] prisoner has no constitutional right to prison grievances procedures."))

Accordingly, the Court finds that Plaintiff's First Amended Complaint fails to state a claim, and that therefore, it is subject to sua sponte dismissal in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004. Because Plaintiff is proceeding without counsel, however, and the Court has now provided him "notice of the deficiencies in his complaint," it will also grant Plaintiff an opportunity to amend it. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

**III. Conclusion and Order**

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) **(ECF No. 5)** is **GRANTED**.

2. The Secretary of the CDCR, or his designee, shall collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is directed to serve a copy of this Order on Jeffrey A. Beard, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

**IT IS FURTHER ORDERED** that:

4. Plaintiff's First Amended Complaint is **DISMISSED** for failing to state a claim upon which relief may be granted and for seeking monetary damages against immune defendants pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). However, the Court GRANTS Plaintiff 45 days leave in which to re-open his case by filing an Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete by itself without reference to his original complaint. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, this civil action will remain dismissed without prejudice based on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

///

1        5.     The Clerk of Court is directed to mail Plaintiff a copy of a court approved
2  civil rights complaint form.

4  Dated:  November 10, 2015

Hon. Gonzalo P. Curiel
United States District Judge